UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tina Marie Rodriguez Lynch, ) | C/A No. 3:09-81-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| E. Bethea Falsely; ) | |
| Warden Stevenson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Tina Marie Rodriguez Lynch, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names as defendants an officer and the warden of the Broad River Correctional Institution.  Plaintiff claims that the defendants violated her constitutional rights and that she endured emotional distress.  Liberally construed, the plaintiff seeks monetary damages.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

This *pro se* plaintiff is allegedly the girlfriend of a prisoner, Eric Maradiaga, who was incarcerated within the South Carolina Department of Corrections ("SCDC") on or about March 11, 2007, at the Broad River Correctional Institution ("BRCI"). The plaintiff alleges that on March 11, 2007, she visited with Eric Maradiaga ("the inmate") at the BRCI and that defendant Falsely, an SCDC officer, incorrectly accused the inmate of "hugging, touching, and squeezing" the plaintiff's left breast ("intimate contact"). She alleges that the intimate contact did not happen and that "the video tape" in SCDC's possession will demonstrate that no intimate contact happened. The plaintiff alleges that the day after defendant Falsely made the accusation, she telephoned defendant Stevenson, the warden, to inform him that the accusation was false and that Stevenson advised the plaintiff that he would review the video tape. The plaintiff alleges that defendant Stevenson never reviewed the video tape and that defendant Falsely is supposed to wear glasses at work but that she was not wearing them on that date. The plaintiff alleges that as a result of the alleged intimate contact she was barred from visiting the inmate for one year and that the inmate had to wear a "pink suit" for 90 days. She claims that she was embarrassed and traumatized and that she suffered cruel and unusual punishment. Liberally construed, the plaintiff seeks money damages for her emotional distress.

3

Discussion

The plaintiff brings an action pursuant to § 1983 in her attempt to bring suit in federal court, and she seems to allege that she suffered "cruel and unusual punishment" due to the denial of her right to visit the inmate for one year. Even liberally construing the plaintiff's complaint, it does not allege facts that would show that the defendants violated her constitutional rights or a law of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A family member and designated friends of a prisoner do not have an inherent constitutional right to visit the prisoner. *See White v. Keller*, 588 F.2d 913 (4th Cir. 1978) (rejecting the claim that a right to visitation exists due to the first amendment or due process based upon the reasoning of the district court); *White v. Keller* 438 F. Supp. 110, 115 (D. Md. 1977) (concluding that there is no constitutional right to prison visitation for visitors or prisoners). *See also Fox v. Ward*, C/A No. 3:06-3439-TLW-JRM, 2008 WL 550115 at *4 (D.S.C. February 25, 2008) (finding that a family member does not have an inherent constitutional right to visit a prisoner because a prisoner's inability to receive visitors "'is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence.'") (citation omitted). *Cf. Alkebulanyahh v. Bush*, C/A No. 6:07-3219-MBS, 2008 WL 2690123 (D.S.C. July 1, 2008) (noting that the general rule is that prisoners do not have a constitutional right to visitation but that the Supreme Court left open "the question of whether permanent deprivations of visitation privileges raise valid constitutional claims."); *Smith v. Ozmint*, C/A No. 04-1819-PMD-BM, 2007 WL 858749 at *23 (D.S.C. March

4

20, 2007) (noting that it may be possible to state a claim for a constitutional violation if the reason a plaintiff's visitation privileges were restricted was due to a prohibited factor such as religion). The plaintiff appears to allege that her status vis-a-vis the inmate is "girlfriend" and that her restriction was from visiting in-person with the inmate for one year. Under the circumstances as pled by the plaintiff, she has not stated a cognizable claim that her constitutional rights were violated by the defendants' placing a one-year visitation restriction on her.

To the extent the plaintiff is claiming that she was subjected to "cruel and unusual punishment," the Eighth Amendment right that cruel and unusual punishments shall not be inflicted applies to convicted prisoners, not to a free citizen such as the plaintiff. *See Patten v. Nichols*, 274 F.3d 829, 845-46 (4th Cir. 2001) (noting that the Eighth Amendment's deliberate indifference standard did not apply to an involuntarily committed psychiatric patient); *United States v. Hall*, – F.3d –, 2009 WL 41253 at *10, n.19 (4th Cir. January 8, 2009) (noting that the Eighth Amendment does not apply to pretrial detainees). Moreover, there is no constitutional right to be free from emotional distress, and, hence, there is no liability under § 1983 regarding the plaintiff's claim for embarrassment. *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985) (although § 1983 does not create a cause of action for emotional distress, emotional distress may be actionable under state law). Because the first element of a 42 U.S.C. § 1983 claim is lacking, this complaint fails to state a claim upon which relief may be granted.

If the plaintiff is attempting to bring a state law claim for intentional infliction of emotional distress, this court would only have jurisdiction over that claim if the diversity statute is satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of

parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The complaint does not provide any parties' addresses. However, the plaintiff's service document submitted to the Clerk of Court demonstrates that the defendants are employed in Columbia, South Carolina and that the plaintiff resides in Eastover, South Carolina. The only inference the Court can draw is that both defendants presumably live in the Columbia, South Carolina area. Accordingly, this Court has no diversity jurisdiction of the case *sub judice* because it appears that each of the parties is domiciled in the State of South Carolina; hence, complete diversity of parties is absent.

If the plaintiff is seeking relief based on her boyfriend having to endure a pink suit for 90 days and enduring the prohibition of in-person visits from her for one year, she lacks standing to raise such claims. One *pro se* person cannot represent another's interest in this court. *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Frank Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id.* This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Id.* (quoting *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citing 28 U.S.C. § 1654). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf

6

of others. *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court . . ., and jealously guards the judiciary's authority to govern those who practice in its courtrooms. . . ." *Id.* Accordingly, this rule protects the rights of the inmate because it is too risky to permit a layperson such as the plaintiff to litigate his claims due to the risk of the layman's limited competence to litigate. *See Id.*

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

February 2, 2009
Columbia, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8